# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### April 7, 2004 Session

## MICHAEL WAYNE HOWELL  v.  STATE OF TENNESSEE

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Shelby County**
**No. P-14334      Hon. Otis Higgs, Jr., Judge**

---

### No. W2003-01056-SC-R11-PD - Filed November 16, 2004

---

JANICE M. HOLDER, J., concurring and dissenting


I agree with Chief Justice Drowota's concurring and dissenting opinion and write separately only to underscore my view that the majority has erred in applying a due process analysis.

A motion to reopen based upon the alleged mental retardation of a capital petitioner is unique due to the existence of a statute prohibiting the execution of mentally retarded defendants. See Tenn. Code Ann. § 39-13-203 (2003). Although this Court in Van Tran recognized that a constitutional claim based on mental retardation could be raised through a motion to reopen, we adopted the statutory criteria in Tennessee Code Annotated section 39-13-203 to evaluate the claim. Van Tran v. State, 66 S.W.3d 790, 812 (Tenn. 2001). Thus, Van Tran merely reaffirmed the State's pre-existing prohibition against executing the mentally retarded. We did not specify in Van Tran, however, whether the evidentiary standard set forth in the mental retardation statute or in the post-conviction statute should apply to collateral review of a mental retardation claim.

It is well settled that courts have a duty to construe a statute to avoid a constitutional conflict. State v. Burkhart, 58 S.W.3d 694, 697-98 (Tenn. 2001). To avoid a constitutional conflict in this case, I would limit the role of the statute permitting motions to reopen a post-conviction petition to determining whether a petitioner has raised a constitutional claim of mental retardation within one year of Van Tran or Atkins v. Virginia, 536 U.S. 304 (2002). I would then employ the mental retardation statute to evaluate the constitutional claim. Thus, the mental retardation statute should be employed regardless of whether the constitutional claim is raised at trial, in an initial post-conviction petition, or in a motion to reopen. A similar "bright-line" approach was adopted by the Missouri Supreme Court in Johnson v. State, 102 S.W.3d 535, 540 (Mo. 2003), without applying a due process analysis.

In applying the mental retardation statute to a constitutional claim, a trial court would first determine whether a petitioner has sufficiently established a prima facie case to warrant an evidentiary hearing. If so, a trial court would then hold a hearing and determine whether a petitioner has proven his allegations by a "preponderance of evidence." See Tenn. Code Ann. § 39-13-203(c).

I agree with Chief Justice Drowota that the trial court did not abuse its discretion in denying the petitioner's motion to reopen for failure to state a prima facie case of mental retardation. Therefore, I would affirm the judgment of the Court of Criminal Appeals.

_____
JANICE M. HOLDER, JUSTICE